1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10

| | | |
|---|---|---|
| CHESTER NEWTON, | / | 1:06-cv-00017-LJO-GSA (PC) |
| | / | |
| Plaintiff, | / | |
| | / | ORDER DISMISSING COMPLAINT |
| v. | / | WITH LEAVE TO AMEND |
| | / | |
| B. JOHNSON, et. al., | / | (Doc. 1) |
| | / | |
| Defendants. | / | |
| | / | |

11
12
13
14
15
16

17  **I.    SCREENING ORDER**

18        Chester Newton ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis.

19  Plaintiff filed his complaint on December 18, 2006 in the Sacramento Division of this Court.

20  (Doc. 1.)  On January 5, 2007, the case was transferred to the Fresno Division.  (Doc. 6.)

21        **A.    Screening Requirement**

22        The Court is required to screen complaints brought by prisoners seeking relief against a

23  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

24  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

25  legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

26  that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

27  § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

28  paid, the court shall dismiss the case at any time if the court determines that . . . the action or

appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B.      Summary of Plaintiff's Complaint**

Plaintiff is a state prisoner and is currently housed at Mule Creek State Prison ("MCSP") in Ione, California.  He complains of acts which allegedly occurred while he was housed at California Substance Abuse Treatment Facility and State Prison ("SATF") in Corcoran, California.

Plaintiff names defendants: Correctional Officers ("C/O") B. Johnson, Anderson, and J.R. Martinez; and Sergeant Phillips.

Plaintiff alleges that: on April 12, 2006, he was released from his cell without first being placed in restraints by C/O's Johnson and Anderson in reprisal for Plaintiff complaining about his conditions of confinement; C/O Martinez witnessed the incident, failed to report it, and later threatened Plaintiff for persisting in attempting to report it; Plaintiff reported the incident to Sgt. Phillips and requested medical attention; Plaintiff's medical requests were "not processed;" Plaintiff submitted inmate appeals regarding the incident that were "willfully obstructed;" and he was subjected to unconstitutional conditions of confinement.

Plaintiff seeks declaratory and injunctive relief, and monetary damages.

It should be noted that Plaintiff's complaint merely states a semi-chronological rendition of events, without specifying which of his constitutional rights he believes were violated by any

2

given defendant's acts.  The Court provides Plaintiff with the following law that might apply to his generalized claims.  However, it is Plaintiff's duty to specify his claims for relief against the defendant(s) and their factual basis.  The Court will not guess as to which facts Plaintiff believes support his unspecified constitutional violation(s).

Further, most of Plaintiff's allegations are conclusory.  Plaintiff is advised that he "... must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

## C.   Pleading Requirements

### 1.  *Federal Rule of Civil Procedure 8(a)*

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.  A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  Id. at 514.  "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

1

### 2. *Federal Rule of Civil Procedure 18(a)*

2       "The controlling principle appears in Fed.R.Civ.P. 18(a) 'A party asserting a claim to

3 relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as

4 independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has

5 against an opposing party.' Thus multiple claims against a single party are fine, but Claim A

6 against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated

7 claims against different defendants belong in different suits, not only to prevent the sort of

8 morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners

9 pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of

10 frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28

11 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

12       Plaintiff is advised that if he chooses to file an amended complaint, and fails to comply

13 with Rule 18(a), the Court will count all frivolous/noncognizable unrelated claims that are

14 dismissed therein as strikes such that he may be barred from filing in forma pauperis in the

15 future.

16

### 3. *Linkage Requirement*

17       The Civil Rights Act under which this action was filed provides:

18
19
20
> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

21 42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between

22 the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See

23 Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

24 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

25 constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

26 in another's affirmative acts or omits to perform an act which he is legally required to do that

27 causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th

28 Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named

4

1  defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's

2  federal rights.

3  **D.      Claims for Relief**

4  ***1. Cruel & Unusual Punishment***

5      Plaintiff claims that he was battered by C/O's Johnson and Anderson, and that C/O

6  Martinez witnessed the incident.

7      "What is necessary to show sufficient harm for purposes of the Cruel and Unusual

8  Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8

9  (1992).  "The objective component of an Eighth Amendment claim is . . . contextual and

10 responsive to contemporary standards of decency."  Id. (quotations and citations omitted).

11 "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-

12 confinement claim," and "deliberate indifference to medical needs" violates the Eighth

13 Amendment "only if those needs are 'serious.'"  Id. at 9 (citation omitted).  With respect to these

14 types of claims, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay

15 for their offenses against society, only those deprivations denying the minimal civilized measure

16 of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation."

17 Id. at 9 (quotations and citations omitted).  With respect to excessive force claims, however, the

18 malicious and sadistic use of force to cause harm *always* violates contemporary standards of

19 decency, regardless of whether or not significant injury is evident.  Id. at 9; see also Oliver v.

20 Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines

21 de minimis uses of force, not de minimis injuries)).

22     Plaintiff states the conclusion that he was battered by C/O's Johnson and Anderson, yet

23 fails to state specific facts as to what acts he feels constituted the physical battery.  The only facts

24 that Plaintiff states regarding this incident is that C/O's Johnson and Anderson opened his cell

25 without first placing him in restraints.  The Court fails to see how having a cell opened without

26 being placed in restraints could possibly be construed to constitute an excessive use of physical

27 force on Plaintiff.  Thus, Plaintiff's claims against C/O's Johnson and Anderson for use of

28 excessive force so as to constitute cruel and unusual punishment are not cognizable.  It follows

then that Plaintiff's allegations against C/O Martinez for witnessing the incident and failing to report it, also do not state a cognizable claim since Plaintiff's allegations as to the battery incident are not cognizable – C/O Martinez cannot be liable for witnessing and failing to report a noncognizable event.

Additionally, Plaintiff's allegations that, subsequent to the event, C/O Martinez threatened him and called him a "fake Muslim" are also not cognizable as threats do not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Further, mere verbal harassment or abuse, including the use of racial epithets, does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).

### 2. Retaliation

Plaintiff alleges that C/O's Johnson and Anderson "willfully conspired to assault and batter Plaintiff, as reprisal for complaining about conditions...." (Doc. 1, pg. 4.)

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance a sufficient statement to show the element of a prisoner's engaging in protected conduct, to support claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

Adverse action is action that "would chill a person of ordinary firmness" from engaging in that activity. Pinard v. Clatskanie School Dist., 467 F.3d 755, 770 (9th Cir. 2006); White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000); see also Lewis v. Jacks, 486 F.3d 1025, 1028 (8th Cir.

2007); see also Thomas v. Eby, 481 F.3d 434, 440 (6th Cir. 2007); Bennett v. Hendrix, 423 F.3d 1247, 1250-51 (11th Cir. 2005); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 500 (4th Cir. 2005); Gill v. Pidlypchak, 389 F.3d 379, 381 (2d Cir. 2004); Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). Both litigation in court and filing inmate grievances are protected activities and it is impermissible for prison officials to retaliate against inmates for engaging in theses activities. However, not every allegedly adverse action will be sufficient to support a claim under section 1983 for retaliation. In the prison context, cases in this Circuit addressing First Amendment retaliation claims involve situations where the action taken by the defendant was clearly adverse to the plaintiff. Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005) (arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault in retaliation for filing grievances); Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) (retaliatory placement in administrative segregation for filing grievances); Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003) (retaliatory validation as a gang member for filing grievances); Hines v. Gomez, 108 F.3d 265, 267(9th Cir. 1997) (retaliatory issuance of false rules violation and subsequent finding of guilt); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (retaliatory prison transfer and double-cell status in retaliation); Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989) (inmate labeled him a snitch and approached by other inmates and threatened with harm as a result); Rizzo v. Dawson, 778 F.2d 527, 530-32 (9th Cir. 1985) (retaliatory reassignment out of vocational class and transfer to a different prison).

Plaintiff's allegations do not state a cognizable claim against C/O's Johnson and Anderson as Plaintiff fails to allege the manner in which he complained about his living conditions. Plaintiff must be able to allege in good faith that the retaliatory actions were taken as a result of his engaging in protected conduct. Further, the alleged actions of C/O's Johnson and Anderson, opening his cell door without first restraining Plaintiff, do not appear to the Court to be sufficient to show any chilling effect.

### 3. Conspiracy

Plaintiff alleges that C/O's Johnson and Anderson "willfully conspired to assault and batter" him. (Doc. 1, pg. 4.)

1   A conspiracy claim brought under section 1983 requires proof of "'an agreement or

2   meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th

3   Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-

4   41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v.

5   Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma,

6   866 F.2d 1121, 1126 (9th Cir. 1989)).  "'To be liable, each participant in the conspiracy need not

7   know the exact details of the plan, but each participant must at least share the common objective

8   of the conspiracy.'"  Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

9   The federal system is one of notice pleading, and the court may not apply a heightened

10   pleading standard to plaintiff's allegations of conspiracy.  Empress LLC v. City and County of

11   San Francisco, 419 F.3d 1052, 1056 (9th Cir. 2005); Galbraith v. County of Santa Clara, 307

12   F.3d 1119, 1126 (2002).  However, although accepted as true, the "[f]actual allegations must be

13   [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v.

14   Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).  A plaintiff must set forth "the

15   grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a

16   formulaic recitation of the elements of a cause of action . . . ."  Id. at 1964-65 (internal quotations

17   and citations omitted).  As such, a bare allegation that defendants conspired to violate plaintiff's

18   constitutional rights will not suffice to give rise to a conspiracy claim under section 1983.

19   Plaintiff's allegations that C/O's Johnson and Anderson "willfully conspired to assault

20   and batter" him are too conclusory to state a cognizable claim against them for conspiracy.

21   Further, as discussed herein above, Plaintiff's allegations fail to state a cognizable claim

22   regarding the alleged assault and battery incident.  Thus, Plaintiff fails to state a cognizable claim

23   against C/O's Johnson and Anderson for conspiracy.

24   ### 4.  Deliberate Indifference to Serious Medical Needs

25   Plaintiff alleges that Sgt. Phillips and the Doe defendants were deliberately indifferent to

26   his serious medical needs for failing to process his medical requests.  (Doc. 1, pg. 5.)

27   Where a prisoner's Eighth Amendment claim is one of inadequate medical care, the

28   prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate

indifference to serious medical needs." Estelle v. Gamble, 429 U.S. at 106.  Such a claim has two elements:  "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1991).  A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104).  Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities."  Id. at 1059-60.  By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation.  Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994).

If a prisoner establishes the existence of a serious medical need, he or she must then show that prison officials responded to the serious medical need with deliberate indifference.  Farmer, 511 U.S. at 834.  In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir.1988).  Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, however, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (citing Estelle, 429 U.S. at 105-06). See also Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir.2004).  Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'"  Farmer, 511 U.S. at 835 (quoting Whitley, 475 U.S. at 319).  "Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"  Id. at 1057 (quoting Farmer, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'"  Id.

9

1   (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

2       Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S.

3   at 104-05.  Deliberate indifference can be manifested by prison guards intentionally denying or

4   delaying access to medical care or intentionally interfering with the treatment once prescribed.

5   Estelle v. Gamble, 429 U.S. at 104-05.  To establish a claim of deliberate indifference arising

6   from delay, a plaintiff must show that the delay was harmful.  See Berry v. Bunnell, 39 F.3d 1056,

7   1057 (9th Cir.1994) (per curiam); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d

8   1332, 1335 (9th Cir.1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.1989); Shapley v.

9   Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985) (per curiam).  Mere

10  differences of opinion between a prisoner and prison medical staff as to proper medical care do

11  not give rise to a § 1983 claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.1996);

12  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989); Franklin v. Oregon, 662 F.2d 1337, 1334 (9th

13  Cir.1981).

14      Plaintiff's allegations are so vague as to fail to show: (1) that he had a serious medical

15  need; (2) that any defendant was deliberately indifferent to his serious medical need; and (3) what

16  if any further harm he sustained as a result of any delay in treatment.  Plaintiff does not state

17  what his physical complaints were such that the Court might be able to ascertain whether they

18  qualify as a serious medical need.  Further, Plaintiff merely states that his medical requests were

19  not processed – without alleging any facts for the Court to ascertain whether they were not

20  processed as a result of deliberate indifference or simple negligence, and whether he sustained

21  any resulting further injury.

22      Thus, Plaintiff fails to state a cognizable claim that any of the defendants were

23  deliberately indifferent to his serious medical needs.

24          *5.  Conditions of Confinement*

25      In his preliminary statement under his statement of claim, Plaintiff indicates that he is

26  making a claim regarding the conditions of his confinement.  (Doc. 1, pg. 3.)

27      The Eighth Amendment protects prisoners from inhumane methods of punishment and

28  from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir.

1   2006).  Extreme deprivations are required to make out a conditions of confinement claim, and

2   only those deprivations denying the minimal civilized measure of life's necessities are

3   sufficiently grave to form the basis of an Eighth Amendment violation.  Hudson v. McMillian,

4   503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted).  In order to state a claim

5   for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a

6   claim that prison officials knew of and disregarded a substantial risk of serious harm to the

7   plaintiff.  E.g., Farmer v. Brennan, 511 U.S. 825,847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152

8   F.3d 1124, 1128 (9th Cir. 1998).

9          Plaintiff fails to state any factual allegations regarding the conditions of his confinement

10  other than that he "complained" about them prior to the incident involving C/O's Johnson and

11  Anderson.  This is simply not enough information for the Court to ascertain any inhumane

12  conditions that Plaintiff may have been housed under.  Thus, Plaintiff fails to state a cognizable

13  claim regarding the conditions of his confinement.

14                    *6.  Inmate Appeals*

15         Plaintiff appears to grieve the processing, and reviewing of his 602 inmate appeals.

16         The Due Process Clause protects prisoners from being deprived of liberty without due

17  process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of

18  action for deprivation of due process, a plaintiff must first establish the existence of a liberty

19  interest for which the protection is sought.  "States may under certain circumstances create liberty

20  interests which are protected by the Due Process Clause."  Sandin v. Conner, 515 U.S. 472, 483-

21  84 (1995).  Liberty interests created by state law are generally limited to freedom from restraint

22  which "imposes atypical and significant hardship on the inmate in relation to the ordinary

23  incidents of prison life."  Sandin, 515 U.S. at 484.

24         "[A prison] grievance procedure is a procedural right only, it does not confer any

25  substantive right upon the inmates."  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993)

26  (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza,

27  334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no

28  entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir.

1   2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams,

2   855 F.2d 639, 640 (9th Cir. 1988).  "Hence, it does not give rise to a protected liberty interest

3   requiring the procedural protections envisioned by the Fourteenth Amendment."  Azeez v.

4   DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

5        Actions in reviewing prisoner's administrative appeal cannot serve as the basis for

6   liability under a § 1983 action.  Buckley, 997 F.2d at 495.  The argument that anyone who knows

7   about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is

8   not correct. "Only persons who cause or participate in the violations are responsible. Ruling

9   against a prisoner on an administrative complaint does not cause or contribute to the violation. A

10  guard who stands and watches while another guard beats a prisoner violates the Constitution; a

11  guard who rejects an administrative complaint about a completed act of misconduct does not."

12  George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) citing Greeno v. Daley, 414 F.3d 645,

13  656-57 (7th Cir.2005); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir.1999); Vance v. Peters,

14  97 F.3d 987, 992-93 (7th Cir.1996).

15       Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals,

16  Plaintiff fails, and is unable to state a cognizable claim for the processing and/or reviewing of his

17  602 inmate appeals.

18                   *7. Supervisor Liability*

19       Defendant Sergeant Phillips holds a supervisorial position.

20       Supervisory personnel are generally not liable under section 1983 for the actions of their

21  employees under a theory of respondeat superior and, therefore, when a named defendant holds a

22  supervisorial position, the causal link between him and the claimed constitutional violation must

23  be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.

24  Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim

25  for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some

26  facts that would support a claim that supervisory defendants either: personally participated in the

27  alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent

28  them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation

of constitutional rights' and is 'the moving force of the constitutional violation.'" <u>Hansen v.</u>
<u>Black</u>, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); <u>Taylor v. List</u>, 880 F.2d
1040, 1045 (9th Cir. 1989).  Although federal pleading standards are broad, some facts must be
alleged to support claims under section 1983.  <u>See</u> <u>Leatherman v. Tarrant County Narcotics Unit</u>,
507 U.S. 163, 168 (1993).

Plaintiff has not alleged any facts indicating that any of the defendants personally
participated in the alleged deprivation of constitutional rights; knew of the violations and failed
to act to prevent them; or promulgated or "implemented a policy so deficient that the policy
'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional
violation.'" <u>Hansen v. Black</u> at 646.  Plaintiff alleges that Sgt. Phillips did nothing when
Plaintiff reported the "battery" by C/O's Johnson and Anderson, and that Sgt. Phillips did not
process his medical requests.  As discussed herein above, neither Plaintiff's allegations against
C/O's Johnson and Anderson, nor regarding the processing of his medical requests state
cognizable claims for violations of Plaintiff's constitutional rights.  Thus, it follows that
Plaintiff's allegations against Sgt. Phillips for failing to act also fail to show a cognizable claim
for violation of Plaintiff's constitutional rights.

### 8. *State Law Claims*

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original
jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the
action within such original jurisdiction that they form part of the same case or controversy under
Article III," except as provided in subsections (b) and (c).  "[O]nce judicial power exists under §
1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is
discretionary." <u>Acri v. Varian Assoc.</u>, Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district
court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . .
the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. §
1367(c)(3).  The Supreme Court has cautioned that "if the federal claims are dismissed before
trial, . . . the state claims should be dismissed as well." <u>United Mine Workers of America v.</u>
<u>Gibbs</u>, 383 U.S. 715, 726 (1966).

1    Because Plaintiff may be able to state a claims for relief under section 1983, the Court

2    reserves discretion to exercise supplemental jurisdiction over and to address Plaintiff's state law

3    claims after Plaintiff files his amended complaint so as to allow Plaintiff opportunity to state

4    cognizable claims for relief under section 1983.

5              **9.  Judicial Notice**

6         Plaintiff requests that the Court take judicial notice of all of the exhibits that he attached

7    to his complaint.  (Doc. 1, pg. 6.)

8         "A judicially noticed fact must be one not subject to reasonable dispute in that it is either

9    (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate

10   and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

11   Fed. R. Evid. 201(b).  "A court shall take judicial notice if requested by a party and supplied with

12   the necessary information."  Fed. R. Evid. 201(d).  The court may take judicial notice of court

13   records.  Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.l (N.D. Cal. 1978), aff'd, 645

14   F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).  "Judicial notice is an adjudicative device

15   that alleviates the parties' evidentiary duties at trial, serving as a substitute for the conventional

16   method of taking evidence to establish facts."  York v. American Tel. & Tel. Co., 95 F.3d 948,

17   958 (10th Cir. 1996)(internal quotations omitted); see General Elec. Capital Corp. v. Lease

18   Resolution Corp., 128 F.3d 1074, 1081 (7th Cir. 1997).

19        The Court may take judicial notice of documents filed with administrative agencies, and

20   "[j]udicial notice is properly taken of orders and decisions made by other courts or administrative

21   agencies."  Papai v. Harbor Tug And Barge Co., 67 F.3d 203, 207 n.5 (9th Cir. 1995) (reversed

22   on other grounds by Harbor Tug and Barge Co. v. Papai, 520 U.S. 548 (1997)).  However, the

23   court may not take judicial notice of "the truth of the facts recited therein . . . ."  Lee v. City of

24   Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001).  Therefore, although Plaintiff may later wish to

25   seek judicial notice of the existence of the documents he attached as exhibits, Plaintiff may not

26   seek judicial notice of the truth of the contents therein.[1]  Id.

27   _____

28        [1]Plaintiff is cautioned that the Court is not indicating that such a request would necessarily be granted.

14

1    Documents attached as exhibits to a complaint are not judicially noticeable as they are

2    subject to reasonable dispute.  Thus, Plaintiff's request, for the Court to take judicial notice of the

3    document(s) he attaches as exhibits to this complaint, is denied.

4    **II.    <u>CONCLUSION</u>**

5    For the reasons set forth above, Plaintiff's complaint is dismissed, with leave to file an

6    amended complaint within thirty days.  If Plaintiff needs an extension of time to comply with this

7    order, Plaintiff shall file a motion seeking an extension of time no later than thirty days from the

8    date of service of this order.

9    Plaintiff must demonstrate in his complaint how the conditions complained of have

10   resulted in a deprivation of Plaintiff's constitutional rights.  <u>See</u> <u>Ellis v. Cassidy</u>, 625 F.2d 227

11   (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is

12   involved.  There can be no liability under section 1983 unless there is some affirmative link or

13   connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423

14   U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588

15   F.2d 740, 743 (9th Cir. 1978).

16   Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what

17   each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal

18   rights, <u>Hydrick v. Hunter</u>, 500 F.3d 978, 987-88 (9th Cir. 2007).  Although accepted as true, the

19   "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . .

20   ."  <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

21   Plaintiff is further advised that an amended complaint supercedes the original complaint,

22   <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567

23   (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

24   pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an

25   original complaint which are not alleged in an amended complaint are waived."  <u>King</u>, 814 F.2d

26   at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u>

27   <u>Forsyth</u>, 114 F.3d at 1474.

28   The Court provides Plaintiff with one final opportunity to amend to cure the deficiencies

identified by the Court in this order.  <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).
Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second
amended complaint.  <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"
complaints).

Based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed, with leave to amend;

2.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff must file
        an amended complaint curing the deficiencies identified by the Court in this order;
        and

4.      If Plaintiff fails to comply with this order, this action will be dismissed for failure
        to state a claim.

IT IS SO ORDERED.

**Dated:   October 2, 2008**                      **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE

16